United States District Court
Southern District of Texas
**ENTERED**
July 28, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re Joe Payton Lee, | § | |
| | § | |
| Debtor | § | |
| | § | CIVIL ACTION NO. 4:25-CV-00321 |
| | § | |
| Joe Payton Lee, | § | BANKRUPTCY CASE NO. 23-31854 |
| Appellant | § | |

**MEMORANDUM AND OPINION**

This case arises from a Chapter 7 bankruptcy proceeding filed in May 2023. Rita Lemons, an unsecured creditor of the debtor, Joe Payton Lee, asked a state court judge to appoint a receiver to help her collect a judgment she had against Lee. Robert Berleth was appointed as substitute receiver and began collection efforts. Lee had an earlier Chapter 13 case that was pending from May 2019 to July 2019. He also had an earlier a Chapter 7 case that was filed in April 2023 and dismissed in May 2023. Two weeks after that dismissal, Lee filed the Chapter 7 bankruptcy from which Berleth's appeal arises.

In November 2024, the bankruptcy trustee filed his final report, which included a disbursement of funds from the sale of Lee's properties. The trustee awarded $264,575.79 to Lemons. Berleth filed a claim for compensation he alleged he was due as the court-appointed receiver. The bankruptcy court ordered the trustee to withhold paying Lemons until the court could determine whether Berleth was owed fees for his work as a receiver and, if so, how much.

Berleth asked the bankruptcy court to grant him a contingent fee of 25% of the debt owed when that the bankruptcy was filed. He asserted that because the trustee's final distribution had an allowed amount of $1,895,768.81, he was entitled to 25% percent of that amount, or

$473,942.20. Berleth argued that but for his work, there would not have been a bankruptcy estate available for distribution.

The bankruptcy court held that Berleth was not entitled to the full amount of fees he sought. First, it was the trustee who liquidated Lee's nonexempt assets, not Berleth. Second, Lee's estate amounted to only $264,575.79. Awarding Berleth the $473,942.20 he sought would exceed the value of the residual estate and leave nothing to be distributed to Lemons, Lee's creditor. The court emphasized that bankruptcy estates should not be administered for the sole purpose of paying administrative claims.

The bankruptcy court instead evaluated the work Berleth had performed using the lodestar approach. First, the bankruptcy court identified multiple instances when Berleth had billed time he spent for clerical work, for unnecessary or duplicative work, or for work during pending bankruptcies for which he had no authorization. The bankruptcy court awarded Berleth $9,499.50 in fees and $4,937.93 in expenses, for total award of $14,437.43. The court also authorized payment to Ms. Lemon in the amount of $250,138.36. Berleth appealed both orders. The bankruptcy court stayed both orders pending this appeal.

Berleth asks this court to award him the amount of his fee application, $473,942. (Docket Entry No. 8 at 1). He argues that he is entitled to a contingency fee under the state court receivership order, or in the alternative, a contingency fee based on the amount of the bankruptcy estate. (*Id*.). Berleth contends that: (1) the bankruptcy court lacked jurisdiction to adjudicate matters concerning the receiver's actions arising solely from the state-court receivership; (2) the bankruptcy court erred by failing to give preclusive effect to the state court's order under the *Rooker-Feldman* doctrine; and (3) the bankruptcy court ignored the contract between Lemons as

the judgment creditor who sought Berleth's appointment, and Berleth, as the state-court receiver. (*Id*. at 2).

A district court reviews a bankruptcy court's ruling on a fee award for abuse of discretion. *See Edwards Family P'ship v. Johnson (In re Cmty. Home Fin. Servs.)*, 990 F.3d 422, 426 (5th Cir. 2021); *Matter of Cmty. Home Fin. Servs., Inc.*, 990 F.3d 422, 426 (5th Cir. 2021).

Citing to *In Re Patrick Cox*, 2017 WL 1058263 (Bankr. S. D. Tex. 2017), Berleth first argues that the bankruptcy court did not have jurisdiction to "interfere with a state court-appointed receiver's actions" because there was no clear relationship between the receivership and the bankruptcy estate. (Docket Entry No. 8). Berleth argues that even if there was such a relationship, the state court that appointed him as receiver had primary jurisdiction over the receivership proceedings and the distribution of the assets he held as the receiver. (*Id*. at 3).

Berleth's reliance on *In Re Patrick Cox* is misplaced. In that case, after the Texas Court of Appeals reversed the debtor's $46 million judgment, the debtor sued the receiver for the $219,236 fee that the receiver had collected for his work. *Cox*, 2017 W.L. 1058263 at *1. The receiver's fee in *In Re Patrick Cox* was a fraction of the residual estate. By contrast, Berleth seeks $473,942.20, a fee far exceeding the $264,575.79 value of the residual estate and effectively returning nothing to the creditor, Rita Lemons. As the bankruptcy court stated, "awarding all the recovered funds to the Receiver would be an abhorrent result." (Docket Entry 16-3 at 91). And, unlike the receiver in *Cox*, Berleth did not liquidate the debtor's assets; there is no basis to award Berleth a contingent fee for the trustee's work. In *Cox*, the issue was whether the state court's appointment of a receiver was outside that court's authority after the judgment against the debtor had been reversed. The court found that the state court had jurisdiction to appoint the receiver. *Cox*, 2017 W.L. 1058263 at *1. In this case, unlike *Cox*, the bankruptcy court had an independent

3

duty to review Berleth's fee application. *In re Busy Beaver Building Centers*, 19 F.3d 833 (3rd Cir. 1994); *see also In re Nucorp Energy, Inc.*, 764 F.2d 655, 657 n. 1 (9th Cir. 1985); *In re Wilde Horse Enter., Inc.*, 136 B.R. 830, 839-40 (Bankr. C.D. Cal. 1991); 11 U.S.C. § 330(a)(1); Fed. R. Bankr. P. 2016.

The bankruptcy court has exclusive jurisdiction over this proceeding. *See Taylor v. Sternberg*, 293 U.S. 470, 473 (1935) ("[W]ith the filing of the petition in bankruptcy, the power of the state court…ceased; and its order fixing the compensation of the receiver and his counsel was a nullity because made without jurisdiction, such jurisdiction then having passed to the bankruptcy court"). Following *Taylor v. Sternberg*, Berleth's argument that the bankruptcy court lacked jurisdiction to adjudicate the fee issue fails. *Id*.

Berleth also argues that the *Rooker-Feldman* doctrine applies to prevent a federal court from reviewing the state court judgment, including orders issued by a state court-appointed receiver, unless the state court judgment is challenged on federal constitutional grounds. (Docket Entry No. 8 at 4). Berleth contends that because the state court judgment was not challenged on constitutional grounds, the state court has the exclusive authority to determine the compensation of its appointed receiver. (*Id*.). The state court approved a contingency fee of 25% for Berleth. (*Id*. At 5). Berleth argues that the bankruptcy court failed to give preclusive effect to the state court's order and "acted as a state appellate court by collaterally attacking and rewriting the state court's order in clear violation of *Rooker-Feldman*." (*Id*.). But again, *Taylor v. Sternberg* makes void any state court orders issued after the filing of a bankruptcy petition. 293 U.S. 470, 473 (1935). Even if the state court order was not void for lack of jurisdiction, the "*Rooker-Feldman* doctrine is confined to cases brought by state court losers complaining of injuries caused by state court judgments rendered before the federal district court proceedings commenced and inviting

4

district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Because Berleth was not a losing party in state court, his claim fails. The court does not need to address whether there was finality under the *Rooker-Feldman* doctrine.

Berleth also argues that the bankruptcy court failed to meaningfully consider his alternative proposal of accepting a reduced contingency fee, which he claims would "strike a fair balance between compensating the receiver for his work and maximizing the available funds for distribution to claimants." (Docket Entry No. 8 at 5). The bankruptcy court properly noted that it had "an independent duty to review fee applications." The bankruptcy court used the lodestar method to determine Berleth's compensation, the method that Fifth Circuit and Supreme Court precedent recognize and approve. (*See* Docket No. 16-3 at 91; citing *Shipes v. Trinity Industries*, 987 F.2d 311 (5th Cir. 1993); *In re Lawler*, 807 F.2d 1207, 1211 (5th Cir. 1987); *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 483 U.S. 711 (1987); *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)). Consideration of other proposed methods is unnecessary.

Based on the record and the applicable law, this court dismisses the appeal from the bankruptcy court's order granting in part and denying in part Berleth's fee application. Berleth's "motion for joinder," (Docket Entry No. 56), which asks the court to rule on the bankruptcy appeal based on the present record, is moot, because the appeal is dismissed.

SIGNED on July 28, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge